IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ALECIA N. GIVENS,<br><br>  Plaintiff,<br><br>v.<br><br>TRANSITION REHAB, SUSAN FITZGERALD, RAY NICKOLAS, DEBRA SIMMS, JOSH BATES,<br><br>  Defendants. | CIVIL ACTION NO. 6:22-CV-00188-JCB |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On May 18, 2022, Plaintiff Alecia Givens filed the instant action bringing a claim for race discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), Title II of the Genetic Information Nondiscrimination Act of 2008 ("GINA"), retaliation, and for alleged violation of the Health Insurance Portability and Accountability Act ("HIPAA"). (Doc. No. 1; Doc. No. 1-1.) Plaintiff also filed a motion to proceed *in forma pauperis*, which the court granted. (Doc. Nos. 2, 4.) On June 27, 2022, Defendants filed a motion to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 8.) According to the certificate of conference, Plaintiff was served with that motion on that same day. (Doc. No. 8, at 7.) Under the court's local rules, Plaintiff had fourteen days to file a response in opposition to Defendant's motion to dismiss. *See* L.R. CV-7(e) ("[a] party opposing a motion has fourteen days (twenty-one days for summary judgment motions) from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision."). More than fourteen days had passed since Plaintiff's receipt of the motion and

1

Plaintiff had not filed a response in opposition. Local Rule 7(d) provides that '[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.'" (Doc. No. 7, citing L.R. CV-7(d).) Thus, the court presumes Plaintiff has no opposition to Defendants' motion. Upon consideration, the court **RECOMMENDS** that Defendants' motion (Doc. No. 8) be **GRANTED**.

## BACKGROUND

Plaintiff initiated this action in federal court on May 18, 2022, alleging claims for violations of Title VII, GINA, and HIPAA. (Doc. No. 1; Doc. No. 1-1.) Plaintiff's complaint and charge filed with the Equal Employment Opportunity Commission ("EEOC") state that she was discriminated against by her former employer, Transition Rehab, on account of her being African American. (Doc. Nos. 1, 1-1.) Plaintiff's factual allegations, however, relate to her being tested for COVID-19 in July 2020 after her husband became ill with COVID-19. (Doc. No. 1-1.) Specifically, Plaintiff alleges that on July 12, 2020, she took her husband to the ER for COVID-19 symptoms, informed her supervisor, Nicholas Ray, and went to work on July 13, 2020 without any symptoms of COVID-19. (Doc. No. 1-1, at 4.) Plaintiff alleges that she tried to get tested that same day, but could not, and eventually got tested on July 17, 2020 and July 20, 2020, with results that came back inconclusive. *Id.* Plaintiff alleges that her results ultimately came back negative on July 25, 2020, and that she informed her supervisor. Plaintiff alleges that on July 31, 2020, she "was subjected to race discrimination when [her] Supervisor Nicholas Ray contacted [her] via telephone and said [she] was terminated due to coming into the building," as she was coming in to pick up her computer to work from home. *Id.* Plaintiff's complaint also alludes to a "Nikki Brewster" who she alleges was treated more favorably than her. (Doc. No. 1.)

2

## LEGAL STANDARD

### I.    Federal Rule of Civil Procedure 12(b)(1)

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed.R.Civ.P. 12(b)(1). The Rules require the court to dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). When the defendant alleges a facial attack under Rule 12(b)(1), "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

### II.    Federal Rule of Civil Procedure 12(b)(6)

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the court identifies and excludes legal conclusions that "are not entitled to the

assumption of truth." *Id.* Second, the court considers the remaining "well-pleaded factual allegations." *Id.* The court must accept as true all facts alleged in a plaintiff's complaint, and the court views the facts in the light most favorable to a plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted). In other words, the court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal,* 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

**DISCUSSION**

In their motion, Defendants argue that Plaintiff's HIPAA retaliation claim should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) because the court lacks subject matter jurisdiction over that claim. (Doc. No. 8, at 3.) Defendants further argue that Plaintiff's Title VII and GINA claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) as they are time-barred by Plaintiff's failure to exhaust administrative remedies because her charge of discrimination was not filed within 300 days of the alleged unlawful employment action; and the claims are untimely because

her lawsuit was not filed within ninety days of receiving her right-to-sue letter from the EEOC. *Id.* at 4–7.

## I. HIPAA Claim

Defendants argue that Plaintiff's claim for a violation of HIPAA should be dismissed for lack of subject matter jurisdiction as HIPAA does not provide a private right of action and the court therefore lacks subject matter jurisdiction over any such claim. (Doc. No. 8, at 3.)

Here, Plaintiff does not clearly allege a claim for a violation of HIPAA, but her EEOC complaint states that she believes Defendants violated HIPAA when an email was sent out regarding COVID test results. (Doc. No. 1-1, at 4–5.) Plaintiff's actual complaint is devoid of any such allegations. (Doc. No. 1.) However, to the extent Plaintiff intended to bring a claim for a violation of HIPAA against Defendants, the court agrees such a claim is precluded from consideration. The Fifth Circuit has plainly held that there is no private right of action under HIPAA and that courts lack subject matter jurisdiction over those claims. *See Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over [plaintiff's] asserted claims."). Thus, Plaintiff's alleged claim for a violation of HIPAA against Defendants should be dismissed without prejudice for lack of subject matter jurisdiction.

## II. Title VII and GINA Claims

Defendants argue that because Plaintiff filed her EEOC charge on August 2, 2021, over two months after the statutory deadline had passed, she has failed to exhaust her administrative remedies and her claims are time-barred. (Doc. No. 8, at 4–5.) Defendants further argue that Plaintiff's claims should be dismissed as untimely because she failed to file her lawsuit within 90 days of receiving her right-to-sue letter from the EEOC. *Id.* at 5–6.

### a. Failure to Exhaust Administrative Remedies

As an initial matter, as discussed above, Plaintiff's allegations and EEOC charge complain of only race discrimination, not genetic information as required under GINA. (Doc. No. 1; Doc. No. 1-1.) Therefore, it does not appear that Plaintiff has alleged a GINA claim. However, to the extent she has, the same statutory requirements apply to GINA as to her Title VII claim as both Title VII and GINA require exhaustion of administrative remedies prior to bringing a lawsuit in federal court. *See* 42 U.S.C. § 2000e–5(f)(1) (Title VII); 42 U.S.C. § 2000ff–6(a)(1) (GINA; claims subject to same procedures and remedies as Title VII claims).

Prior to filing a suit for violations of Title VII, "a plaintiff must first file a timely EEOC charge." *Lewis v. City of Chicago, Ill.*, 560 U.S. 205, 210–11 (2010). "[T]he purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). In states, such as Texas, that have "an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002*); see also* 42 U.S.C. § 2000e-5(e)(1); *Cooper v. Wal-Mart Transp., LLC*, 662 F. Supp.2d 757, 772 (S.D. Tex. Sept. 24, 2009) (citing *Morgan*, 536 U.S. at 122) ("An EEOC charge must be filed within 300 days of the alleged discrimination."). "A claim is time barred if it is not filed within these time limits." *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 337 (5th Cir. 2014). Title VII's charge-filing requirement is not a question of jurisdiction. *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1850 (2019). Rather, it "is a mainstay of proper enforcement of Title VII remedies," and exists "to facilitate the [EEOC's] investigation and conciliatory functions and

to recognize its role as primary enforcer of anti-discrimination laws." *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021).

Here, the 300-day window applies to Plaintiff's Title VII claims. Plaintiff alleges that the unlawful employment practice, her termination, occurred on July 31, 2020. (Doc. No. 1, at 2.) Plaintiff's statutory deadline to file a charge of discrimination was thus May 27, 2021—300 days from the date of her termination. Plaintiff, however, did not file her EEOC charge until August 2, 2021. (Doc. No. 1-1, at 7.) Because Plaintiff filed her EEOC charge more than two months past the statutory deadline to do so, she has failed to exhaust her administrative remedies and her Title VII and GINA claims should be dismissed for failure to state a claim.

### b. Failure to Timely File

Moreover, Plaintiff has failed to timely file this action in federal court. Under Title VII, a plaintiff has 90 days to file suit in federal court after she receives the EEOC's right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). Plaintiff received her notice of right to sue from the EEOC on August 9, 2021, which indeed informed her that she had 90 days in which to file suit as to any Title VII and GINA claims. (Doc. No. 1-1, at 2.) Plaintiff, however, did not file this action until May 18, 2022, well beyond the 90-day deadline of November 7, 2021. As such, Plaintiff's Title VII and GINA claims are also subject to dismissal for failure to state a claim as they are untimely.

## CONCLUSION

For the reasons stated herein, the court **RECOMMNEDS** that Defendants' motion (Doc. No. 8) be **GRANTED**. The court **RECOMMENDS** that Plaintiff's HIPAA claim be **DISMISSED** without prejudice for lack of subject matter jurisdiction and that Plaintiff's Title VII and GINA claims be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. Although Plaintiff is proceeding *pro se*, Plaintiff has failed to respond to

Defendants' motion and has not sought to amend her complaint. Moreover, the court believes any such amendment would be futile in this case as the court lacks subject matter jurisdiction over any HIPAA claim and Plaintiff's Title VII and GINA claims are time-barred and untimely. As such, the court finds Plaintiff's complaint ripe for dismissal without further amendment.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 19th day of July, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE