UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00188

**Alecia Givens,**
*Plaintiff,*

v.

**Transition Rehab et al.,**
*Defendants.*

# ORDER

Plaintiff, Alecia Givens, initiated this action proceeding pro se and *in forma pauperis* against defendants on May 18, 2022, alleging race discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), discrimination pursuant to Title II of the Genetic Information Nondiscrimination Act of 2008 ("GINA"), retaliation, and for alleged violation of the Health Insurance Portability and Accountability Act ("HIPAA"). Docs. 1, 1-1. On June 27, 2022, defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 8. This cause of action was referred to Magistrate Judge John D. Love who issued a report and recommendation recommending that defendants' motion be granted, that plaintiff's HIPAA claim be dismissed without prejudice for lack of subject matter jurisdiction, and that plaintiff's Title VII and GINA claims be dismissed without prejudice for failure to state a claim upon which relief can be granted. Doc. 9. Plaintiff filed objections to the report and recommendation on July 27, 2022. Doc. 10.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996). The court reviews all unobjected-to portions of the report and recommendation only for

clear error or abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Plaintiff objects that she has attempted to file timely and that she believes she should have an opportunity for her case to be heard. Doc. 10. Specifically, plaintiff believes her case is timely because she first filed a case in Henderson County court—the wrong jurisdiction—and that after her case was dismissed, she reached out to the Equal Employment Opportunity Commission ("EEOC") and was told she could still file her suit. *Id.* Plaintiff attaches her correspondence and filings with the Henderson County court, as well as numerous text messages between herself and her former supervisor. Doc. 10-1. Thus, plaintiff believes that her suit was timely. While plaintiff's incorrect filing of her lawsuit in Henderson County could have impacted the timeliness of her federal suit, even so, it does not change the outcome of the case as recommended by the magistrate judge.

As the magistrate judge correctly noted, because plaintiff filed her EEOC charge more than two months past the statutory deadline, she has failed to exhaust her administrative remedies. The later filing of a lawsuit in a court does not impact plaintiff's initial failure to timely file her EEOC charge. Thus, the court agrees that plaintiff's Title VII and GINA claims should be dismissed for failure to state a claim.

Moreover, plaintiff has not objected to the magistrate judge's recommended dismissal of her HIPAA claim for lack of subject matter jurisdiction. The court finds no clear error in that recommendation as there is no private right of action under HIPAA and the courts lack subject matter jurisdiction over such claims. *See Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over [plaintiff's] asserted claims.").

Accordingly, the report and recommendation (Doc. 9) is accepted. Fed. R. Civ. P. 72(b)(3). Defendants' motion (Doc. 8) is granted. Plaintiff's HIPAA claim is dismissed without prejudice for lack of subject matter jurisdiction, and plaintiff's Title VII and

GINA claims are dismissed without prejudice for failure to state a claim.

*So ordered by the court on August 16, 2022.*

J. CAMPBELL BARKER
United States District Judge